UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN BROOKS,

        Plaintiff,                      CIVIL ACTION NO. 12-CV-12880

vs.

                                        DISTRICT JUDGE DENISE PAGE HOOD

CLINTON, TOWNSHIP OF,          MAGISTRATE JUDGE MONA K. MAJZOUB
and GEORGE FITZGERALD,

        Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S AMENDED MOTION FOR LEAVE TO AMEND COMPLAINT (DOCKET NO. 30)**

This matter comes before the Court on Plaintiff's amended motion for leave to amend complaint. (Docket no. 30). Defendants filed responses. (Docket nos. 33, 34). Plaintiff filed a reply. (Docket no. 40). The motion has been referred to the undersigned for determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 32). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). The motion is now ready for ruling.

Plaintiff Susan Brooks brought this action against her employer, Clinton Township, and her supervisor, George Fitzgerald, claiming that she was constructively discharged in retaliation for exercising her constitutionally protected right of free speech, and for engaging in protected activity under the Michigan Whistleblowers' Protection Act, M.C.L. § 15.361 *et seq.* Plaintiff also alleges wrongful discharge in violation of public policy, retaliation in violation of the Michigan Elliott-Larsen Civil Rights Act, defamation, and intentional infliction of emotional distress.

1

In the instant motion Plaintiff seeks to amend her complaint to add Plaintiff Claudia Hutto and to add Title VII claims on behalf of both Plaintiffs. Like Plaintiff Brooks, Claudio Hutto is also employed by Defendant Clinton Township and she works under the supervision of Defendant George Fitzgerald. The proposed amended complaint alleges that Brooks and Hutto work in the same office environment and have both observed Defendant Fitzgerald sexually harassing a female employee. The proposed amended complaint claims that Defendant Fitzgerald subjected Brooks and Hutto to harassment, abusive language, physical intimidation and threats, and retaliation after they refused to help him perpetrate his sexual harassment scheme and instead reported the harassment to officials. In addition, Plaintiff Brooks claims that Defendant Fitzgerald directed her to falsify press reports and keep him apprised of the activities of his political rivals. Plaintiff Brooks claims that Defendant Fitzgerald retaliated against her when she refused to engage in dishonest political acts on Township time. The proposed amended complaint alleges that Defendant Fitzgerald's hostility and threatening behavior toward them continued to escalate after they filed sheriff's reports against him, summoned the police to their assistance, complained of his behavior to township officials, and participated as a complainant and witness in a township investigation against him. They each claim that Defendant Township has isolated them and removed them from doing any work related to their previous positions.

Defendants oppose the motion to amend the complaint. Defendants contend that the proposed Title VII claims are futile, the proposed amendment is delinquent, Plaintiff Hutto should not be permitted to join in the complaint because her claims are separate and distinct from the allegations made by Plaintiff Brooks, and the Court should refuse to exercise supplemental jurisdiction over the state law claims of proposed Plaintiff Hutto.

2

Federal Rule of Civil Procedure 15(a) provides that a "party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A),(B). Otherwise "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The decision whether to grant a motion to amend is within the sound discretion of the court. *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). The court may deny the motion if there has been unreasonable delay, lack of notice, bad faith, repeated failure to cure deficiencies by previous amendments, undue prejudice, or futility. *Id.* "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citation omitted).

Federal Rule of Civil Procedure 20(a)(1) determines when multiple plaintiffs may bring a joint action and states "[p]ersons may join in one action as plaintiffs if (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Federal Rule of Civil Procedure 21 states that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Although the Sixth Circuit has not yet decided whether Rule 21 or Rule 15 control when an amendment seeks to add parties to a lawsuit, both rules apply the same standard and permit amendment of pleadings when justice so requires. *Broyles v. Corr. Med. Servs., Inc.*, No. 08-1638, 2009 WL 3154241, at *3 (6th

Cir. Jan. 23, 2009); *Kunin v. Costco Wholesale Corp.*, No. 10-11456, 2011 WL 6090132, at *2 (E.D. Mich. Dec. 7, 2011).

The Court has considered the parties' arguments and will allow amendment of the complaint. Plaintiff filed the instant amended motion on February 8, 2013, within ninety days after Brooks and Hutto received right to sue letters from the Equal Employment Opportunity Commission (EEOC). (Docket no. 40, ex. A). The Court is satisfied that Plaintiff's claims, while not identical, share many common elements and arise out of the same transaction, occurrence, or series of transactions or occurrences. Indeed, Plaintiff goes so far as to contend that the witnesses and exhibits will be identical for both Brooks and Hutto. Plaintiff also contends that Defendants will not be unduly prejudiced if the amendment is granted because discovery up to this point has been minimal and Plaintiff Hutto's claims will not require significant amounts of additional discovery. The Court finds that even if additional discovery is needed, Defendants have sufficient time to propound discovery before the May 20, 2013 discovery cutoff date. The Court further notes that the dispositive motion cutoff date is still several months away and trial is not scheduled to begin until October 8, 2013. Finally, the Court is not convinced at this stage that the claims set forth in the proposed amended complaint are futile or that the Court should decline to exercise supplemental jurisdiction over Hutto's state law claims. Accordingly, the Court will grant Plaintiff's amended motion to amend the complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's amended motion for leave to amend complaint (docket no. 30) is **GRANTED**. The amended complaint must be filed on or before March 18, 2013.

**IT IS FURTHER ORDERED** that Plaintiff's original motion for leave to amend complaint (docket no. 22) is terminated.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).


Dated: March 5, 2013                s/ Mona K. Majzoub
                                    MONA K. MAJZOUB
                                    UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: March 5, 2013                s/ Lisa C. Bartlett
                                    Case Manager