UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**SUSAN BROOKS and**
**CLAUDIA HUTTO,**

        **Plaintiffs,**                          **CIVIL ACTION NO. 12-CV-12880**

**VS.**                                          **DISTRICT JUDGE DENISE PAGE HOOD**

**CHARTER TOWNSHIP OF**             **MAGISTRATE JUDGE MONA K. MAJZOUB**
**CLINTON and GEORGE**
**FITZGERALD,**

        **Defendants.**
_____/

## ORDER GRANTING IN PART DEFENDANT GEORGE FITZGERALD'S MOTION TO COMPEL DISCOVERY (DOCKET NO. 36)

This matter comes before the Court on Defendant George Fitzgerald's motion to compel discovery. (Docket no. 36). Plaintiff Susan Brooks filed a response (docket no. 43) and Defendant Fitzgerald filed a reply brief (docket no. 44). The parties filed a Joint Statement of Resolved and Unresolved Issues. (Docket no. 51). The motion has been referred to the undersigned for determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 37). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). The Court is ready to rule on the motion.

Plaintiffs filed this suit against Defendants Charter Township of Clinton and George Fitzgerald for retaliatory constructive discharge in violation of Plaintiffs' state and federal rights to freedom of speech, for wrongful discharge in violation of public policy, violation of the Michigan Whistleblowers' Protection Act, retaliation in violation of the Michigan Elliott-Larsen Civil Rights Act, defamation, assault, intentional infliction of emotional distress, and retaliation. (Docket no. 42). Defendant Fitzgerald states that the Court conducted a Rule 16 Scheduling Conference on

November 7, 2012 during which counsel for Plaintiff Brooks agreed to accept and respond to twenty-nine interrogatories. (Docket no. 36). On November 9, 2012, Defendant Fitzgerald served Plaintiff Brooks with his First Set of Interrogatories and Request for Production of Documents. (Docket no. 36, ex. A). After Plaintiff failed to respond within the thirty days allotted under the Federal Rules the Court entered a Stipulated Order compelling Plaintiff to respond on or before January 20, 2013. (Docket no. 25).

Plaintiff served written responses and objections to the discovery requests within the deadline set by the Court. (Docket 36, ex. B). Among other things Plaintiff objected to Defendant's requests on the grounds that the interrogatories with discrete subparts numbered more than twenty-nine. She also objected that medical and other releases attached to the requests were incomplete. Defendant now moves for an order compelling Plaintiff to respond in full to each interrogatory and document request without objection and provide signed authorizations for the release of medical records, employment records, and tax records. (Docket no. 36). Defendant also requests an award of sanctions and attorney fees pursuant to Federal Rule of Civil Procedure 37(a)(5) and (b)(2). The Joint Statement reveals that the parties have been unable to resolve issues pertaining to Interrogatory nos. 4-5, 7, 10-11 and Document Requests 7 and 11. (Docket no. 51). Furthermore, the parties disagree on whether Plaintiff must respond to all twenty-nine interrogatories served.

Interrogatory no. 4: Defendant's Interrogatory no. 4 requests the names and contact information for physicians, medical practitioners, hospitals or clinics from whom Plaintiff sought treatment as a result of the incident sued upon, and to provide the dates and purpose and condition for which care or treatment was provided. Plaintiff provided a short list of physicians and clinics and stated that she was not sure of the details such as dates, location, and the purpose of treatment

provided. The Court finds that Plaintiff has placed her medical condition at issue and is in the best position to provide the information sought. Plaintiff must provide a full and complete supplemental written response to Interrogatory no. 4 or, in the alternative, provide Defendant with medical releases for the records that will fully respond to this Interrogatory.

Interrogatory no. 5 and Request to Produce no. 7: Defendant's Interrogatory No. 5 requests information pertaining to medical practitioners, hospitals and clinics from whom Plaintiff has sought or received treatment in the previous twenty years. Request to Produce no. 7 asks Plaintiff to execute medical releases for each medical practitioner, hospital or clinic identified in Interrogatory no. 5. Plaintiff objects to providing information for the previous twenty years. The Court will order Plaintiff to provide the requested information and to execute the appropriate medical releases for the previous fifteen years, to include the years 1998 through the present.

Request to Produce No. 11: In relevant part Defendant's Request to Produce no. 11 asks Plaintiff to provide authorizations for the release of her tax records for the previous fifteen years. Plaintiff produced two years of tax returns and objects to producing more. The Court will order Plaintiff to provide authorizations for the release of her tax records for the previous five years, to include the years 2008 through 2012.

Interrogatory no. 10: Defendant's Interrogatory no. 10 seeks the identity and contact information for any person, entity, and media source to whom Plaintiff communicated concerning the incident sued upon, the name and contact information of any person who may have been present at the time, and the content of any statement provided. Plaintiff responded in part by stating that any statement she made to the media is publicly available including the content of any statements made. The Court will order Plaintiff to provide a full and complete supplemental written response to

3

Interrogatory no. 10 identifying the name, contact information and content of any oral or written statement made to any media source concerning the incident sued upon.

Interrogatory no. 11: Defendant's Interrogatory no. 11 seeks the identity, contact information, substance and basis of knowledge, and anticipated testimony of each witness of whom Plaintiff is aware who has information or knowledge pertaining to the facts and occurrences outlined in the complaint. The Court will order Plaintiff to provide a full and complete supplemental written response to this request.

Finally, Defendant moves for an order compelling Plaintiff to respond to all twenty-nine interrogatories. Plaintiff agrees that she stipulated to twenty-nine interrogatories but argues that Defendant's interrogatories with discrete subparts exceed that number. The Court has reviewed each interrogatory and finds that the interrogatories with their discrete subparts far exceed twenty-nine in number. Giving Defendant the benefit of the doubt, the Court will order Plaintiff to provide full and complete responses to Interrogatory nos. one through eighteen only.

**IT IS THEREFORE ORDERED** that Defendant Fitzgerald's motion to compel discovery (docket no. 36) is **GRANTED IN PART**. On or before **August 26, 2013** Plaintiff Brooks must provide to Defendant Fitzgerald full and complete written supplemental responses to Interrogatory nos. 4-5, 7, 10-11 and produce executed releases sought in Request for Production nos. 7 and 11 as described in this Order.

**IT IS FURTHER ORDERED** that Defendant's requests for sanctions and for costs and attorney fees associated with filing this motion are denied.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: July 30, 2013          s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: July 30, 2013          s/ Lisa C. Bartlett
                              Case Manager