UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN BROOKS and CLAUDIA HUTTO,

       Plaintiffs,                               Case Number:12-CV-12880
                                                          Honorable Denise Page Hood

v.

CHARTER TOWNSHIP OF CLINTON, a
Michigan municipal corporation, and GEORGE
FITZGERALD, an individual, sued in his official
and personal capacity.

       Defendants.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO QUASH SUBPOENA TO
TESTIFY SERVED UPON JULIE FITZGERALD [DK. #62]**

**I.    INTRODUCTION**

Plaintiffs brought suit against the Charter Township of Clinton, a Michigan Municipal Corporation, and George Fitzgerald, in both his personal and official capacity. Plaintiffs filed this suit against Defendants for retaliatory constructive discharge in violation of Plaintiffs' state and federal rights to freedom of speech, for wrongful discharge in violation of public policy, violation of the Michigan Whistleblowers' Protection Act, retaliation in violation of the Michigan Elliott-Larsen Civil Rights Act, defamation, assault, intentional infliction of emotional distress, and retaliation. **[Docket No. 42]** This matter involves alleged acts of sexual harassment,

pressure to falsify letters and reports, workplace retaliation, and wrongful termination.

Now before the Court is the Defendants' Motion to Quash Subpoena to Testify Served Upon Julie Fitzgerald **[Docket No. 62, Filed June 13, 2013]**. The parties appeared before the Court via telephone conference on Friday, September 20, 2013. For the reasons stated below, Defendants' motion is **DENIED**.

## II.  BACKGROUND

Plaintiffs Susan Brooks and Claudia Hutto brought this action against their employer, Clinton Township, and their immediate supervisor, George Fitzgerald. Plaintiffs allege that Defendant Fitzgerald subjected them to harassment, abusive language, physical intimidation and threats, and retaliation after they refused to help him perpetrate a sexual harassment scheme and instead reported the harassment to Clinton Township officials. In addition to these claims, Plaintiff Brooks claims that Defendant Fitzgerald directed her to falsify press reports and keep him apprised of the activities of his political rivals, something that she expressed she did not want to do. Plaintiff Brooks claims that when she refused to engage in these dishonest political acts, Defendant Fitzgerald retaliated against her. Plaintiffs allege that Defendant Fitzgerald's hostility and threatening behavior toward them escalated after they filed sheriff's reports against him, requested the aid of law officials, complained about his

behavior to Township officials, and participated as a complainant and witness in a township investigation against him. Plaintiffs contend that Defendant Township has since isolated them and removed them from doing any work related to their previous positions.

### III. ANALYSIS

Non-party Julie Fitzgerald was subpoenaed on May 17, 2013. The subpoena requested that she appear at 33 Bloomfield Hills Parkway, Suite 220, Bloomfield Hills, Ml 40304 on Tuesday, June 18, 2013, at 10:00 a.m. At the time of the subpoena, Mrs. Fitzgerald's residence was located at 19120 Cass Avenue, Clinton Township, Ml 48038.

The location of a deposition is initially selected by the party noticing the deposition. Fed. R. Civ. P. 30(b)(1). In the event of a dispute between the parties as to the location of a deposition, the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... specifying terms, including time and place, for the disclosure of discovery." Fed. R. Civ. P. 26© (1)(B). Additionally, Fed. R. Civ. P. 30(b)(4) provides that "[t]he parties may stipulate — or the court may on motion order — that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 45(c)(3)(A)(ii) provides:

>(A) On timely motion, the issuing court must quash or modify a subpoena that:
>
>>(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person.

Though Defendant's wife, Julie Fitzgerald, is a non-party to this case, a non-party can be subject to a subpoena for deposition testimony in accordance with Fed. R. Civ. P. 30(a)(1). Plaintiffs have correctly issued a subpoena pursuant to Fed. R. Civ. P. 45. However, Rule 45 provides a territorial limitation on this Court's ability to subpoena a party or non-party to travel more than "100 miles from where that person resides, is employed, or regularly transacts business." Fed. R. Civ. P. 45(c)(3)(A)(ii). It appears from the record that Defendant's wife currently resides in Rothbury, Michigan. **[Docket No. 62 at 2]** Defendant notes that the "straight line" distance is 169.12 miles from Bloomfield Hills, Michigan, the location of Plaintiffs' attorney's office and site the deposition is scheduled to take place. **[Docket No. 62, Exhibit E]** Defendant also notes that the driving distance is 207.72 miles. **[Docket No. 62, Exhibit F]** Because Mrs. Fitzgerald does not work in the Metropolitan area, does not regularly transact business the Metropolitan Detroit area, and resides over 100 miles from the location of the deposition, Defendant argues the rules require granting his motion to quash.

In support of his argument, Defendant cites two cases, *Comm-Tract Corp. V. N Telcom, Inc.*, 168 FRD 4 (D. Mass. 1996) and *In re Application of Yukos Hydrocarbons Investments Ltd.*, 2009 WL 5216951 ( N.D. NY Dec. 30, 2009). Defendant notes that these cases stand for the proposition that a non-party witness who is served by subpoena and subsequently moves over 100 miles away from the deposition location is not required to appear under subpoena. However, the Court notes that the cases state more than that proposition.

In *Comm-Tract*, witness John Pippy was served a subpoena to testify on the morning of April 28, 1996, by Plaintiff's counsel while Pippy was staying at his mother's house in Massachusetts. The subpoena noted that Mr. Pippy was supposed to appear for trial on May 13, 1996. After speaking with Plaintiff's counsel, Mr. Pippy was told that there was no firm trial date set and that though he no longer had to appear on May 13, he would be required to appear when a firm trial date was set. Prior to service of the subpoena, however, Mr. Pippy had made plans to move to Hong Kong for an employment opportunity. After being told he did not have to appear on May 13, Mr. Pippy moved forward with his plans to move out of the country.

After Mr. Pippy's move, he was informed by Plaintiff's counsel that he needed to be in Boston to testify the week of August 12, 1996. Mr. Pippy's counsel filed a motion to quash Pippy's subpoena, arguing that Pippy no longer lived within 100

5

miles of the location for deposition and was "not a party or an officer of a party[,]" which would require him to appear. Plaintiff's counsel argued that the relevant time was not the time of trial but the time of service of the subpoena. The trial court ruled that "the time frame for judging whether a witness must travel more than 100 miles from his residence, place of employment, and the place where he transacts business in person is the time when the witness is to appear, not the time when he is served." *Id.* at 7. However, the court also noted that "[i]n the absence of any evidence that Mr. Pippy's move to Hong Kong was anything more than the result of a legitimate decision to change his employment and residence," he is entitled to the protections of the rule. The court further stated that "[o]f course, the result would be different if the change of location of resident and employment was a sham undertake for the purpose of evading the requirement he appear and testify at trial." *Id.*

Defendant Fitzgerald's reliance on *Yokus* is also misplaced. In *Yukos*, Robert Foresman, a non-party to the litigation, was subpoenaed to appear for deposition and to produce documents for use in connection with the deposition. The petitioner, Yukos Hydrocarbons Investments Ltd., requested the court's assistance in conducting third-party discovery for use in a proceeding pending in Amsterdam. The court noted that the term "resides" is "exceedingly contextual" and the determination as to whether Foresman had to appear would "turn on whether [he], at the time of the

requested testimony, [he] had remained in Auburn for some length of time with a genuine intent to make [it] his residence with some degree of regularity." *Id.* at 5. However, the court also noted that it would "agree with the court's observation in *Comm-Tract* that 'the result [may] be different if the change of location of residence and employment was a sham undertaken for the purpose of evading the requirement that he appear to testify." *Id.* at 6, n.4.

In this case, the court is satisfied that Mrs. Fitzgerald should not receive the protection the rule provides because the record shows evidence that Mrs. Fitzgerald's move was not merely "the result of a legitimate decision to change . . . [her] residence." Plaintiff states that on April 16, 2013, Plaintiff's counsel contacted Defendant Fitzgerald's counsel to get dates to schedule Mrs. Fitzgerald's deposition and determine whether her counsel would accept service of the subpoena on her behalf. **[Docket No. 66 at 2]** After receiving no response, Plaintiff's counsel attempted to serve Mrs. Fitzgerald on April 17, 2013, but was unable to do so. On May 9, 2013, Plaintiff's counsel received a date, June 26, 2013, for Ms. Fitzgerald's deposition but was told that it would have to take place in the "northwest area of the state" with the option to do it at the office of Defendant Fitzgerald's counsel. Mrs. Fitzgerald was personally served at a Board of Education school board meeting on May 20, 2013 and scheduled for deposition on June 18, 2013. However, at the June

3, 2013 meeting, Mrs. Fitzgerald, a four and a half year member of the school board, submitted a letter of resignation effective June 17, 2013, one day before her scheduled deposition. Promptly following Mrs. Fitzgerald's resignation, her counsel contacted Plaintiffs' counsel and advised them that Mrs. Fitzgerald "no longer live[d] in the metropolitan Detroit area" and told counsel that the location of the deposition would need to be changed. In her affidavit, Mrs. Fitzgerald states that her Clinton Township home has since been sold. **[Mrs. Fitzgerald's Affidavit, Docket No. 62-5, Ex. D]** It its reply brief, Defendants deny these allegations and argue that they are "derived from unsupported rhetoric" and "irrelevant to the legal issue in question." **[Docket No. 69, at 2]** Defendants again note that Mrs. Fitzgerald is neither a party nor an officer of a party and that, despite Plaintiff's assertions, she has made no effort to avoid deposition.

Reviewing the record, the court has not been provided any information that would lead it to believe that Mrs. Fitzgerald's move out of the Clinton Township area was planned prior to her receipt of the subpoena. However, the court is aware of Mrs. Fitzgerald's resignation, effective the day before her scheduled deposition, and the family's move to a location over 100 miles away from the location of her scheduled deposition. The Court determines that the information in the record is sufficient to raise a strong inference that Mrs. Fitzgerald's "change of location of residence and

employment was a sham undertaken for the purpose of evading the requirement that [she] appear to testify."

Notwithstanding this determination, the Court notes that it believes that videoconferencing falls within the category of "other remote means" allowed for depositions pursuant to Fed. R. Civ. P. 30(b)(1). *See Schoenherr v. Smith*, 12-CV-14276, 2013 WL 2239304 (E.D. Mich. May 21, 2013). The court also notes that "[p]arties routinely conduct depositions via videoconference, and courts encourage the same because doing so minimizes travel costs." *See Gee v. Suntrust Mortgage, Inc.*, 10-CV-01509 RS NC, 2011 WL 5597124, at *2 (N.D. Cal. Nov. 15, 2011). Inasmuch as non-party Julie Fitzgerald believes traveling to Plaintiff's counsel's office would be a burden due to its distance from her new residence, the Court offers videoconferencing as an option.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Quash Subpoena to Testify Served Upon Julie Fitzgerald **[Docket No. 62, Filed June 13, 2013]** is **DENIED**.

**IT IS SO ORDERED.**

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  March 31, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager