UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN BROOKS and CLAUDIA HUTTO,

       Plaintiffs,                         Case Number 12-CV-12880
                                                       Honorable Denise Page Hood

v.

CHARTER TOWNSHIP OF CLINTON, a
Michigan municipal corporation, and GEORGE
FITZGERALD, an individual, sued in his official
and personal capacity.

       Defendants.
_____/

**ORDER DENYING IN PART AND GRANTING IN PART, DEFENDANT,
GEORGE FITZGERALD'S MOTION TO COMPEL PLAINTIFF
CLAUDIA HUTTO, TO PROVIDE MORE SPECIFIC ANSWERS TO
INTERROGATORIES AND REQUESTS FOR PRODUCTION OF
DOCUMENTS [ #68]**

**I.    INTRODUCTION**

Plaintiffs brought suit against the Charter Township of Clinton, a Michigan Municipal Corporation, and George Fitzgerald, in both his personal and official capacity. Plaintiffs filed this suit against Defendants for retaliatory constructive discharge in violation of Plaintiffs' state and federal rights to freedom of speech, for wrongful discharge in violation of public policy, violation of the Michigan Whistleblowers' Protection Act, retaliation in violation of the Michigan Elliott-Larsen

Civil Rights Act, defamation, assault, intentional infliction of emotional distress, and retaliation. **[Docket No. 42]** This matter involves alleged acts of sexual harassment, pressure to falsify letters and reports, workplace retaliation, and wrongful termination.

Now before the Court is the Defendant, George Fitzgerald's Motion to Compel Plaintiff, Claudia Hutto, to Provide More Specific Answers to Interrogatories and Requests for Production of Documents **[Docket No. 68, Filed July 3, 2013]**. For the reasons stated below, Defendant's motion is **DENIED IN PART** and **GRANTED IN PART**.

**II.   BACKGROUND**

Plaintiffs Susan Brooks and Claudia Hutto brought this action against their employer, Clinton Township, and their immediate supervisor, George Fitzgerald. Plaintiffs allege that Defendant Fitzgerald subjected them to harassment, abusive language, physical intimidation and threats, and retaliation after they refused to help him perpetrate a sexual harassment scheme and instead reported the harassment to Clinton Township officials. In addition to these claims, Plaintiff Brooks claims that Defendant Fitzgerald directed her to falsify press reports and keep him apprised of the activities of his political rivals, something that she expressed she did not want to do. Plaintiff Brooks claims that when she refused to engage in these dishonest political

2

acts, Defendant Fitzgerald retaliated against her. Plaintiffs allege that Defendant Fitzgerald's hostility and threatening behavior toward them escalated after they filed sheriff's reports against him, requested the aid of law officials, complained about his behavior to Township officials, and participated as a complainant and witness in a township investigation against him. Plaintiffs contend that Defendant Township has since isolated them and removed them from doing any work related to their previous positions.

### III. ANALYSIS

The parties to this litigation have correctly stated the law as regards discovery in federal court. Fed. R. Civ. P. 26(b); Fed R. Civ. P. 37; Fed. R. Civ. P. 33 and 34. The parties' filings reflect the contentiousness of this litigation. However, the Court concludes that it is appropriate to exercise its discretion to limit the scope of discovery and to determine whether sanctions are warranted. *See Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (stating that a district court has discretion to further limit the scope of discovery "where the information sought is overly broad or would prove unduly burdensome to produce.").

Defendant, George Fitzgerald filed this Motion to Compel Plaintiff, Claudia Hutto, to Provide More Specific Answers to Interrogatories and Requests for Production of Documents on July 3, 2013. Plaintiff filed a Response on July 19,

2013. **[Docket No. 73]** Plaintiff also stated that supplemental responses were provided to the Defendants' Interrogatories and Requests for Production of Documents. Defendant served his first set of Interrogatories and Requests for Production of Documents on Plaintiff Hutto on April 18, 2013. Answers and objections were dated June 3, 2013. According to Plaintiff, supplemental answers and objections were sent to Defendant following the filing of this Motion to Compel.

The Court now turns to the disputed Interrogatories and Request for Production. The Court finds Plaintiff's statement regarding the supplemental answer to Interrogatory #4 is a sufficient answer to the interrogatory posed. The Court finds that the request in Interrogatory #5 for medical records for the previous twenty-five years is over- broad and the answer and production relative to Interrogatory #5 need only go back ten (10) previous years. To the extent there is no claim for dental, gynecological, or eye injuries, such records are need not be produced.

The Requests to Produce, numbered 7 and 8 ask for records of medical providers and such production must be supplemented as noted in the paragraph above.

The Court finds there is no further information needed in response to Interrogatory Numbers 6 and 10, 19, 37 and 38. Plaintiff is not required to produce any records in response to Request numbered 39 as such records are not admissible under M.C.L. 421.11(b)(1)(iii) ("Except as provided in this act, the information and

determinations shall not be used in any action or proceeding before any court . . . unless the commission is a party to or a complainant in the action or proceeding, or unless used for the prosecution of fraud, civil proceeding, or other legal proceeding in the programs indicated in subdivision(2).").

Plaintiff must supplement the answer to Interrogatory Number 7 with any information Plaintiff will seek to admit through testimony or documents at trial. In connection with Requests to Produce numbered 13, 20 and 22, Plaintiff states that she has produced tax returns for 2011 and 2012. If Plaintiff intends to request damages for lost wages to the date of trial, tax returns to the date of trial must be produced in advance of trial. A request for tax returns for fifteen (15) years prior to the date of the incident is overbroad, but tax returns three years prior to the date of the incident are sufficient discovery and must be produced. To the extent this encroaches on the privacy of Plaintiff's spouse, these documents may be produced pursuant to an appropriate protective order. The time frame for other records requested in these Requests is also three years.

With respect to the Requests to Produce numbered 2, 92, 93, 94 and 95, Plaintiff must produce any email she intends to use at trial to support any claim . Any of the electronic data requested and in Plaintiff's possession must be produced as it relates to Defendant Fitzgerald. These requests are otherwise burdensome and

overbroad with respect to the other named individuals. Defendant may request to narrow the scope of these requests, but as they are currently phrased, they are too broad.

## IV. CONCLUSION

The Court finds that sanctions are not warranted in this matter.

Accordingly,

**IT IS ORDERED** that Defendant Fitzgerald's Motion to Compel Plaintiff Hutto to Provide More Specific Answer to Interrogatories and Requests for Production of Documents **[Docket No. 68, filed July 3, 2013]** is **GRANTED IN PART** and **DENIED IN PART** consistent with the Court's findings listed above.

**IT IS FURTHER ORDERED** that any answers or documents required by this decision be produced within twenty-one (21) days of entry of this Order.

**IT IS SO ORDERED.**

                            S/Denise Page Hood
                            Denise Page Hood
                            United States District Judge

Dated: March 31, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 2014, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager