UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN BROOKS and CLAUDIA HUTTO,

    Plaintiffs,

v.

    Case Number 12-CV-12880
    Honorable Denise Page Hood

CHARTER TOWNSHIP OF CLINTON, a
Michigan municipal corporation, and GEORGE
FITZGERALD, an individual, sued in his official
and personal capacity.

    Defendants.
_____/

**ORDER DENYING PLAINTIFFS' MOTION FOR DISCOVERY
SANCTIONS AGAINST DEFENDANT FITZGERALD [#59] AND
DENYING IN PART AND GRANTING IN PART, DEFENDANT, GEORGE
FITZGERALD'S MOTION FOR DISCOVERY SANCTIONS
AND MOTION TO ALLOW DEPOSITIONS OF PLAINTIFFS IN EXCESS
OF SEVEN HOURS [#81]**

**I.     INTRODUCTION**

Now before the Court is the Plaintiffs' Motion for Discovery Sanctions Against Defendant Fitzgerald. **[Docket No. 59, filed June 3, 2013]** Also before the Court is Defendant, George Fitzgerald's Motion for Discovery Sanctions for Plaintiff Brooks' Failure to Appear for Deposition and Motion to Allow Depositions of Plaintiffs, Brooks And Hutto, in Excess of Seven Hours. **[Docket No. 81, filed July 26, 2013]** For the reasons discussed below, Plaintiffs' motion is **DENIED without prejudice**.

Defendant's Motion is **DENIED IN PART** and **GRANTED IN PART**.

## II.    BACKGROUND

Plaintiffs brought suit against the Charter Township of Clinton, a Michigan Municipal Corporation, and George Fitzgerald, in both his personal and official capacity. Plaintiffs filed this suit against Defendants for retaliatory constructive discharge in violation of Plaintiffs' state and federal rights to freedom of speech, for wrongful discharge in violation of public policy, violation of the Michigan Whistleblowers' Protection Act, retaliation in violation of the Michigan Elliott-Larsen Civil Rights Act, defamation, assault, intentional infliction of emotional distress, and retaliation. **[Docket No. 42]** This matter involves alleged acts of sexual harassment, pressure to falsify letters and reports, workplace retaliation, and wrongful termination.

## III.    DISCUSSION

There are two motions currently before the Court. The Court will first address Plaintiffs' Motion for Sanctions and then address Defendant's two-part motion.

### A.    Plaintiffs' Motion for Sanctions

Plaintiff's Motion for Discovery Sanctions appears to have been filed in response to Defendant Fitzgerald's failure to appear for deposition on May 29, 2013. Defendant's counsel, by letter of May 28, 2013, indicated to Plaintiff's counsel that

Defendant Fitzgerald would not sit for his deposition until the matter of the disqualification of Plaintiff's counsel was resolved. Plaintiff's counsel indicates that no Motion for Protective Order was ever filed and she has disputed that there is any cause for her disqualification. Plaintiff's counsel seeks sanctions for her preparation time for the scheduled deposition on May 29, 2013, cancelled on May 28, 2013, and also for the costs of the court reporter's fee.

By separate order, the Court finds Plaintiff's counsel need not be disqualified. Defendant Fitzgerald's deposition shall be completed at a time mutually agreeable to Plaintiff's and Defendant's counsel. Plaintiff's Discovery Sanctions Against Defendant Fitzgerald is **DENIED** without prejudice.

### B.    Defendant Fitzgerald's Motion for Discovery Sanctions and Motion to Allow Depositions in Excess of Seven Hours

On July 26, 2013, Defendant Fitzgerald filed a Motion for Discovery Sanctions for Plaintiff Brooks' Failure to Appear for Deposition and a Motion to Allow Depositions of Plaintiff, Brooks and Hutto, in Excess of Seven Hours. **[Docket No. 81]** The facts surrounding the deposition of Susan Brooks are disputed. Each side suggests reasons the deposition was not completed within the time allowed by the federal rules. The deposition for various reasons started late, ended early, and there were at least two breaks to accommodate each side. Plaintiff's counsel noted that the Plaintiff has young children and had made arrangements to stay to complete the

deposition in one day.

Plaintiff objects to appearing to continue the deposition and argues that Defendant has not and cannot establish "good cause" to continue the deposition. *See Burket v. Hyman Lippitt, P.C.*, 2007 WL 2421514 (E.D. Mich. 2007). Plaintiff argues that Defendant's counsel did not use the time for the deposition wisely, including that he revisited subjects already covered by prior questions.

In response, Defendant's counsel claims that the deposition was scheduled for more than one day, in the event that the deposition was not completed the first day. This assertion is evidenced by a letter to Plaintiff's counsel and the Notice of Deposition. It is unclear whether there was agreement to the second day. Defendants note that counsel for one of the Defendants has not yet begun his questioning. Defendant's counsel further argues that the case involves eight counts and 163 allegations. Defendant's counsel asserts that the rules provide for additional time and that Plaintiff's counsel did not file a motion to terminate or limit the deposition. Defendants request attorneys' fees and costs and an additional twelve hours to complete Plaintiff Brooks' deposition as well as twelve hours for the deposition of Plaintiff Hutto.

The Federal Rules of Civil Procedure, Rule 30(d)(1) provides that unless the parties otherwise stipulate or the court orders, a deposition is limited to one day of

seven hours duration. "The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." *Id.* Sanctions are allowed to prevent parties from impeding, delaying, or otherwise frustrating the fair examination of a deponent. Fed. R. Civ. P. 30(d)(2).

In this case, it is not clear that the parties agreed to an additional day of deposition, even though Defendant's counsel's expectation of an additional day is reflected in the notice of deposition and his letter. Plaintiff clearly did not expect to return on a different day. Additionally, neither Plaintiffs nor Defendants moved the Court to extend the time for deposition or to limit it. Under the rules the Court may, however, extend or limit the duration of a deposition.

In this fact intensive case, the Court exercises its discretion to extend the duration of the deposition of Plaintiff Brooks and Plaintiff Hutto. The Court will order that the deposition of Plaintiff Brooks be completed on one seven hour day (completed meaning that both Defendant Fitzgerald's counsel and Defendant Clinton Township's counsel would complete all questioning in that seven hour period).[1] Plaintiff Hutto may be deposed for twelve hours, a seven hour day and a five hour

---

[1] The two defense counsels may divide that time as they agree or the Court will order the division of the remaining time.

day; the twelve hours to be divided by Defendants' counsels, or by the Court if they are unable to agree.

## IV. CONCLUSION

Accordingly, for the reasons discussed above,

**IT IS ORDERED** that Plaintiffs' Motion for Discovery Sanctions Against Defendant Fitzgerald **[Docket No. 59, filed June 3, 2013]** is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court finding that Plaintiff's counsel need not be disqualified, Defendant Fitzgerald's deposition shall be completed at a time mutually agreeable to Plaintiff's and Defendant's counsel within twenty-one (21) days of this Order.

**IT IS FURTHER ORDERED** that Defendant Fitzgerald's Motion for Discovery Sanctions for Plaintiff Brooks' Failure to Appear for Deposition and Motion to Allow Deposition of Plaintiffs, Brooks and Hutto, in Excess of Seven Hours **[Docket No. 81, filed July 26, 2013]** is **GRANTED IN PART** and **DENIED IN PART** as follows:

> **IT IS ORDERED** that the time for depositions shall be extended beyond the time allotted by the Federal Rules.
>
> **IT IS ORDERED** that the deposition of Plaintiff Brooks by both

Defendants' counsel is to be completed on one seven hour day.

**IT IS ORDERED** that the deposition of Plaintiff Hutto by both Defendants' counsel is to be completed over the period of twelve (12) hours; one seven (7) hour day and one five (5) hour day.

**IT IS ORDERED** that Defendants' Motion as it pertains to their request for sanctions is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: March 31, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager